

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 9 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DETRA BARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-476-A |
| | § | |
| HSBC BANK USA, NATIONAL, | § | |
| ASSOCIATION, AS TRUSTEE FOR THE | § | |
| CERTICIATEHOLDERS OF THE MLMI | § | |
| TRUST, MORTGAGE LOAN ASSET- | § | |
| BACKED CERTIFICATES, SERIES | § | |
| 2005-WMC1, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants, HSBC Bank USA, National Association, as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-WMC1 ("HSBC") and Bank of America, N.A. ("BOA") (collectively, "defendants"), to dismiss the amended complaint of plaintiff, Detra Barrett, for failure to state a claim upon which relief may be granted. After having considered such motion, plaintiff's response, plaintiff's amended complaint, and applicable legal authorities, the court has concluded that defendants' motion to dismiss should be granted.

I.

Background

Plaintiff instituted this action by filing a petition in the District Court of Tarrant County, Texas, 17th Judicial District, on June 21, 2012, against defendants as Cause No. 17-259884-12. Defendants removed the case to this court on July 13, 2012. On July 31, 2012, the court ordered plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas. On August 20, 2012, plaintiff filed her amended complaint, after which defendants filed a motion to dismiss along with a supporting brief on October 12, 2012. Plaintiff filed an objection to defendant's motion to dismiss on November 7, 2012.

II.

Plaintiff's Claims

Plaintiff has alleged five claims under the Federal Trade Commission Act, 15 U.S.C. § 45(a) ("FTC Act"); three claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692g, and 1692l ("FDCPA"); three claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681s ("FCRA"); and one claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). Plaintiff seeks monetary civil penalties, injunctive

relief, and costs of court. The action arises out of defendants' attempts to enforce the lien against plaintiff's property to secure repayment of the promissory note at issue.

Plaintiff made the following factual allegations in her amended complaint:

On July 9, 2004, plaintiff signed a promissory note with WMC Mortgage Corporation in order to purchase the property that is the subject of this lawsuit. On June 20, 2012, plaintiff requested in writing that defendants produce certified copies of "any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original Note and Original Title." Am. Compl. at 9. Defendants have not produced such documents to plaintiff. Plaintiff has attempted to verify that defendants are the holders of the note, but defendants have refused to do so. Id. Defendants have "forced placed Escrow on the loan stating that the Plaintiff had not pay property taxes for consumers' homes when such taxes had been paid." Id. at 11. Defendants also "took more than seven amounts to credit"[1] plaintiff's account after defendant received a refund from the tax collector's office.

No further details or factual statements are alleged in the

---

[1] The court believes this to mean seven "months."

3

complaint; rather, the rest of the complaint consists of legal conclusions and general statements and beliefs about defendants.

III.

Grounds for Defendants' Motion

Defendants filed their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendants argue that plaintiff has not alleged sufficient facts to state a claim for any cause of action, that her claims "rest upon mere conclusory, stale, and misplaced allegations, rather than identifying any actual misconduct on behalf of Defendants, or any actual harm suffered by [plaintiff]."[2] Def.'s Br. at 2.

IV.

Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

---

[2] Defendants also mention that many parts of plaintiff's complaint are copied "virtually word-for-word" from the complaint filed in United States v. Fairbanks Capital Corp., et al., No. 1:03-CV-12219-DPW (D. Mass. Nov. 12, 2003). Defendants have included such complaint in their appendix.

4

notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. <u>Applying the Standards to the Amended Complaint</u>

Proceeding on the basis of the information before the court in plaintiff's amended complaint, the court finds that plaintiff's allegations for all claims fall short of the pleading standards or otherwise fail. With respect to plaintiff's claims under the FTC Act, such statute does not provide a private right of action, and therefore plaintiff has no standing. With respect to plaintiff's remaining claims, the amended complaint fails to meet the standard set forth in Rule 8(a)(2), as interpreted by the Supreme Court in <u>Twombly</u> and <u>Iqbal</u>.

1. <u>Claims Alleging FTC Act Violations</u>

Plaintiff's first five claims allege violations of the FTC Act, which provides no private right of action. See <u>Cranfill v. Scott & Fetzer Co.</u>, 752 F. Supp. 732, 734 (E.D. Tex. 1990) (explaining that it is well-settled that no private right of action exists under the FTC Act, and citing applicable cases). Therefore, plaintiff's claims under the FTC Act fail as a matter of law.

2. <u>Claims Alleging FDCPA Violations</u>

The FDCPA proscribes debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" when collecting a debt. 15 U.S.C. §§ 1692e-1692f. Mortgage lenders are generally not considered debt

6

collectors under the FDCPA. <u>Williams v. Countrywide Home Loans, Inc.</u>, 504 F. Supp.2d 176, 190 (S.D. Tex. 2007). Plaintiff has alleged no facts that could plausibly state a claim for any kind of violation of the FDCPA by defendants. Defendant correctly points out that plaintiff does not identify a single occasion that she was subjected to treatment that could qualify as an FDCPA violation. Rather, plaintiff makes such conclusory allegations as "[o]n numerous occasions, in connection with the collection of debts that were in default when obtained by defendants, defendants have used false, deceptive, or misleading representations or means . . . ." Am. Compl. at 13. The remaining allegations offer more legal conclusions with no facts to support them, and represent the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has rejected. <u>Iqbal</u>, 556 U.S. 662, 678 Additionally, Plaintiff's objection in response to defendants' motion to dismiss fails to address or cure the deficiencies of her complaint, but provides more legal conclusions.

3.  <u>Claims Alleging FCRA Violations</u>

Plaintiff's claims under FRCA fail for the same reasons as her claims under the FDCPA. The FCRA imposes civil liability on a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA. Nowhere does plaintiff

allege any facts that could state a plausible claim for relief. At no place in her complaint does she identify any specific instances of defendants' misreporting credit information, or any dispute she may have had with a credit reporting agency. Again she recites legal conclusions and claims that defendants are liable, while providing no facts specific to herself.

4.  Claims Alleging Violations of RESPA

Similarly, plaintiff's claims under RESPA fail, as plaintiff has again alleged no facts that could constitute a violation of the statute. She claims that, in violation of 12 U.S.C. § 2605, defendants failed to:

> 77. (a) Promptly post payments received in a timely manner;
> 78. (b) Timely apply payments to principal and interest on consumers' accounts??
> 79. (c) Make timely payments to escrow funds for casualty insurance premiums and property taxes; and
> 80. (d) Timely and adequately acknowledge, investigate, and respond to consumers' qualified written requests for information about the servicing of their loans and escrow accounts.

Am. Compl. at 16-17. Plaintiff provides no specific facts to support the above conclusions. For example, plaintiff fails to allege such basic facts as the date, amount, or recipient of any payment she made, when defendants posted a payment or failed to do so, or that she even made a payment to defendants. She similarly does not allege what payments defendants failed to make to escrow funds. She fails to describe what kinds of "qualified

written requests" she may have made, which RESPA defines as written correspondence that "(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(i)-(ii). The qualified written request must be related to the servicing of the loan, meaning it must relate to "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest." 12 U.S.C. §§ 2605(e)(1)(A) and 2605(i)(3). See Souto v. Bank of Am., N.A., No. H-11-3556, 2012 WL 3638024, at *7-8 (S.D. Tex. Aug. 22, 2012) (explaining qualified written request under RESPA). Plaintiff provides no facts indicating that she sought information related to her account or payments, as the only correspondence she alleges related to the deed and note.

V.

Conclusion

The court has already afforded plaintiff an opportunity to file an amended complaint that complies with the requirements of Rules 8(a)(2) and 9(b), alleging with particularity the facts that she contends will establish her right to recover against

9

defendants as to each theory of recovery alleged. For the reasons stated above, the court concludes that plaintiff's amended complaint has not resolved those defects, and that plaintiff's pleadings do not allege that she is entitled to relief. Accordingly, defendants' motion to dismiss should be granted, and all of plaintiff's claims should be dismissed with prejudice.

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff against defendants, be, and are hereby, dismissed.

SIGNED November 9, 2012.

_____
JOHN McBRYDE
United States District Judge