

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 9 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DETRA BARRETT,                        §
                                      §
        Plaintiff,                    §
                                      §
VS.                                   §   NO. 4:12-CV-476-A
                                      §
HSBC BANK USA, NATIONAL,              §
ASSOCIATION, AS TRUSTEE FOR THE       §
CERTICIATEHOLDERS OF THE MLMI         §
TRUST, MORTGAGE LOAN ASSET-           §
BACKED CERTIFICATES, SERIES           §
2005-WMC1, ET AL.,                    §
                                      §
        Defendants.                   §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants,

HSBC Bank USA, National Association, as Trustee for the

Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed

Certificates, Series 2005-WMC1 ("HSBC") and Bank of America, N.A.

("BOA") (collectively, "defendants"), to dismiss the amended

complaint of plaintiff, Detra Barrett, for failure to state a

claim upon which relief may be granted.  After having considered

such motion, plaintiff's response, plaintiff's amended complaint,

and applicable legal authorities, the court has concluded that

defendants' motion to dismiss should be granted.

I.

## Background

Plaintiff instituted this action by filing a petition in the District Court of Tarrant County, Texas, 17th Judicial District, on June 21, 2012, against defendants as Cause No. 17-259884-12. Defendants removed the case to this court on July 13, 2012. On July 31, 2012, the court ordered plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas. On August 20, 2012, plaintiff filed her amended complaint, after which defendants filed a motion to dismiss along with a supporting brief on October 12, 2012. Plaintiff filed an objection to defendant's motion to dismiss on November 7, 2012.

II.

## Plaintiff's Claims

Plaintiff has alleged five claims under the Federal Trade Commission Act, 15 U.S.C. § 45(a) ("FTC Act"); three claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692g, and 1692l ("FDCPA"); three claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681s ("FCRA"); and one claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). Plaintiff seeks monetary civil penalties, injunctive

2

relief, and costs of court.  The action arises out of defendants'
attempts to enforce the lien against plaintiff's property to
secure repayment of the promissory note at issue.

Plaintiff made the following factual allegations in her
amended complaint:

On July 9, 2004, plaintiff signed a promissory note with WMC
Mortgage Corporation in order to purchase the property that is
the subject of this lawsuit.  On June 20, 2012, plaintiff
requested in writing that defendants produce certified copies of
"any and all transfer documents showing all of the transfers and
assignments of the Original Deed of Trust and the Original Note
and Original Title."  Am. Compl. at 9.  Defendants have not
produced such documents to plaintiff.  Plaintiff has attempted to
verify that defendants are the holders of the note, but
defendants have refused to do so.  Id.  Defendants have "forced
placed Escrow on the loan stating that the Plaintiff had not pay
property taxes for consumers' homes when such taxes had been
paid."  Id. at 11.  Defendants also "took more than seven amounts
to credit"[1] plaintiff's account after defendant received a refund
from the tax collector's office.

No further details or factual statements are alleged in the

--------

[1] The court believes this to mean seven "months."

3

complaint; rather, the rest of the complaint consists of legal
conclusions and general statements and beliefs about defendants.

### III.

### Grounds for Defendants' Motion

Defendants filed their motion pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure for failure to state a claim
upon which relief may be granted.  Defendants argue that
plaintiff has not alleged sufficient facts to state a claim for
any cause of action, that her claims "rest upon mere conclusory,
stale, and misplaced allegations, rather than identifying any
actual misconduct on behalf of Defendants, or any actual harm
suffered by [plaintiff]."[2]  Def.'s Br. at 2.

### IV.

### Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

---

[2] Defendants also mention that many parts of plaintiff's complaint are copied "virtually
word-for-word" from the complaint filed in United States v. Fairbanks Capital Corp., et al., No.
1:03-CV-12219-DPW (D. Mass. Nov. 12, 2003).  Defendants have included such complaint in
their appendix.

4

notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a
court must accept all of the factual allegations in the complaint
as true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.")

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible.  Iqbal, 556
U.S. at 679.  To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient.  Twombly, 550
U.S. at 566-69.  "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.

B. Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court in plaintiff's amended complaint, the court finds that plaintiff's allegations for all claims fall short of the pleading standards or otherwise fail.  With respect to plaintiff's claims under the FTC Act, such statute does not provide a private right of action, and therefore plaintiff has no standing.  With respect to plaintiff's remaining claims, the amended complaint fails to meet the standard set forth in Rule 8(a)(2), as interpreted by the Supreme Court in Twombly and Iqbal.

1.   Claims Alleging FTC Act Violations

Plaintiff's first five claims allege violations of the FTC Act, which provides no private right of action.  See Cranfill v. Scott & Fetzer Co., 752 F. Supp. 732, 734 (E.D. Tex. 1990) (explaining that it is well-settled that no private right of action exists under the FTC Act, and citing applicable cases). Therefore, plaintiff's claims under the FTC Act fail as a matter of law.

2.   Claims Alleging FDCPA Violations

The FDCPA proscribes debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" when collecting a debt.  15 U.S.C. §§ 1692e -1692f.  Mortgage lenders are generally not considered debt

collectors under the FDCPA.  <u>Williams v. Countrywide Home Loans,</u>
<u>Inc.</u>, 504 F. Supp.2d 176, 190 (S.D. Tex. 2007).  Plaintiff has
alleged no facts that could plausibly state a claim for any kind
of violation of the FDCPA by defendants.  Defendant correctly
points out that plaintiff does not identify a single occasion
that she was subjected to treatment that could qualify as an
FDCPA violation.  Rather, plaintiff makes such conclusory
allegations as "[o]n numerous occasions, in connection with the
collection of debts that were in default when obtained by
defendants, defendants have used false, deceptive, or misleading
representations or means . . . ."  Am. Compl. at 13.  The
remaining allegations offer more legal conclusions with no facts
to support them, and represent the type of "unadorned, the-
defendant-unlawfully-harmed-me accusation[s]" that the Supreme
Court has rejected.  <u>Iqbal</u>, 556 U.S. 662, 678  Additionally,
Plaintiff's objection in response to defendants' motion to
dismiss fails to address or cure the deficiencies of her
complaint, but provides more legal conclusions.

  3.  <u>Claims Alleging FCRA Violations</u>

  Plaintiff's claims under FRCA fail for the same reasons as
her claims under the FDCPA.  The FCRA imposes civil liability on
a person who willfully obtains a consumer report for a purpose
that is not authorized by the FCRA.  Nowhere does plaintiff

allege any facts that could state a plausible claim for relief. At no place in her complaint does she identify any specific instances of defendants' misreporting credit information, or any dispute she may have had with a credit reporting agency. Again she recites legal conclusions and claims that defendants are liable, while providing no facts specific to herself.

    4.  <u>Claims Alleging Violations of RESPA</u>

    Similarly, plaintiff's claims under RESPA fail, as plaintiff has again alleged no facts that could constitute a violation of the statute.  She claims that, in violation of 12 U.S.C. § 2605, defendants failed to:

> 77. (a) Promptly post payments received in a timely manner;
> 78. (b) Timely apply payments to principal and interest on consumers' accounts??
> 79. (c) Make timely payments to escrow funds for casualty insurance premiums and property taxes; and
> 80. (d) Timely and adequately acknowledge, investigate, and respond to consumers' qualified written requests for information about the servicing of their loans and escrow accounts.

Am. Compl. at 16-17.  Plaintiff provides no specific facts to support the above conclusions.  For example, plaintiff fails to allege such basic facts as the date, amount, or recipient of any payment she made, when defendants posted a payment or failed to do so, or that she even made a payment to defendants.  She similarly does not allege what payments defendants failed to make to escrow funds.  She fails to describe what kinds of "qualified

written requests" she may have made, which RESPA defines as
written correspondence that "(i) includes, or otherwise enables
the servicer to identify, the name and account of the borrower;
and (ii) includes a statement of the reasons for the belief of
the borrower, to the extent applicable, that the account is in
error or provides sufficient detail to the servicer regarding
other information sought by the borrower." 12 U.S.C. §
2605(e)(1)(B)(i)-(ii). The qualified written request must be
related to the servicing of the loan, meaning it must relate to
"any scheduled periodic payments from a borrower" or the "making
of . . . payments of principal and interest." 12 U.S.C. §§
2605(e)(1)(A) and 2605(i)(3). See Souto v. Bank of Am., N.A.,
No. H-11-3556, 2012 WL 3638024, at *7-8 (S.D. Tex. Aug. 22, 2012)
(explaining qualified written request under RESPA). Plaintiff
provides no facts indicating that she sought information related
to her account or payments, as the only correspondence she
alleges related to the deed and note.

V.

Conclusion

The court has already afforded plaintiff an opportunity to
file an amended complaint that complies with the requirements of
Rules 8(a)(2) and 9(b), alleging with particularity the facts
that she contends will establish her right to recover against

9

defendants as to each theory of recovery alleged.  For the reasons stated above, the court concludes that plaintiff's amended complaint has not resolved those defects, and that plaintiff's pleadings do not allege that she is entitled to relief.  Accordingly, defendants' motion to dismiss should be granted, and all of plaintiff's claims should be dismissed with prejudice.

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff against defendants, be, and are hereby, dismissed.

SIGNED November 9, 2012.

_____
JOHN McBRYDE
United States District Judge